**FILED**
**JULY 8, 2021**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FELISHA D. PEDERSON, | ) | No. 37112-3-III |
| | ) | (consolidated w/ |
| Appellant, | ) | No. 37113-1-III) |
| | ) | |
| v. | ) | |
| | ) | |
| LYNNAE BYERS MCGILLEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| LYNNAE MCGILLEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FELISHA PEDERSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| GREG BYERS, | ) | |
| | ) | |
| Plaintiff. | ) | |

PENNELL, C.J. — Felisha Pederson appeals from a superior court judge's order striking her motion to revise a commissioner's order on petitions for protection. We affirm the superior court's order. Because the order on the motion to strike is the only order that has been timely appealed, Ms. Pederson is not entitled to relief from the commissioner's order.

FACTS

Felisha Pederson petitioned for an order of protection on behalf of her daughter, S.P.,[1] against Lynnae McGillen. Ms. McGillen is the mother of G.M., one of S.P.'s classmates. G.M. and S.P. have a history of conflict. After a temporary protection order was issued against Ms. McGillen, G.M.'s parents filed for a protection order against Ms. Pederson on G.M.'s behalf.

A superior court commissioner held a hearing on the merits of the competing petitions on August 12, 2019. The commissioner dismissed the petition filed by Ms. Pederson on behalf of S.P. and granted Ms. McGillen's petition filed on behalf of G.M.

On August 21, counsel for Ms. Pederson mailed a copy of a motion for revision of the August 12 commissioner's order to Ms. McGillen's counsel. On August 22, 2019, the motion was filed with the clerk of the court. Ms. McGillen subsequently moved to strike the revision motion, claiming under Spokane County Super. Ct. Local Admin. Rule (LAR) 0.7(a) that it was not timely served.

---

[1] To protect the privacy interests 'of the parties' minor children, we use their initials throughout this opinion. Gen. Order 2012-1 of Division III, *In re Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012), https://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber=2012_001&div=III.

A superior court judge took up the motion to strike at a hearing held September 20, 2019, and ruled in Ms. McGillen's favor. The judge determined Ms. Pederson had not timely served her revision motion on Ms. McGillen as required by the local rule and CR 5. As a result, the judge ruled the motion for revision was untimely and that the commissioner's August 12, 2019, order must stand.

Ms. Pederson filed notices of appeal in each of the superior court actions on October 4, 2019. This court subsequently consolidated the matters for review.

ANALYSIS

An initial issue in this case concerns the timeliness of Ms. Pederson's appeal. Ms. Pederson filed her appeal within 30 days of the superior court judge's order granting Ms. McGillen's motion to strike. The notices with regard to this order were timely. RAP 5.2(a). However, the judge's order is not the same thing as the commissioner's order on the merits of the petitions. Thus, our initial inquiry pertains to whether Ms. Pederson has preserved an appeal of the commissioner's order by filing a timely appeal of the judge's order striking her motion for revision. We hold she has not.

Ms. Pederson claims her appeal was timely because the superior court judge's order constituted a denial of her motion to revise the commissioner's order on the merits. Ms. Pederson cites the rule that when a motion for revision is denied, the "denial

3

constitutes an adoption of the commissioner's decision" by the superior court judge.

*Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017).

The flaw in Ms. Pederson's analysis is that the superior court judge did not deny her revision motion. Instead, the judge granted Ms. McGillen's motion to strike. This procedure meant the judge never assessed the merits of Ms. Pederson's revision motion. While the judge noted that the commissioner's decision stood as final, the commissioner's decision did not also become the decision of the judge. Instead, the commissioner's decision stood on its own and became a final order far earlier than 30 days prior to Ms. Pederson's appeal filings. As a result, Ms. Pederson is not entitled to review of the commissioner's decision as part of her appeal of the judge's order granting the motion to strike.

Given the foregoing procedural analysis, the only substantive issue before this court is the propriety of the superior court judge's order granting Ms. McGillen's motion to strike. If the order was valid, Ms. Pederson is barred from further relief. If the order is invalid, we would remand to the superior court to take up Ms. Pederson's motion for revision on the merits.

The superior court based its order granting the motion to strike on LAR 0.7 and CR 5. The two provisions provide, in pertinent part, as follows:

**LAR 0.7. Revision of Court Commissioner's Order or Judgment**
        **(a) Revision by Motion and Notice.** A revision motion shall be filed on a form approved by the Court, with the Clerk of Court within 10 days after entry of the order or judgment as provided in RCW 2.24.050. The motion must specify each portion of the Order for which revision is sought. The motion shall designate a hearing date approved by the court no later than 30 days after the filing of the motion. The Motion for Revision shall also be noted in accordance with Civil Rules 6 and 7. A copy of the motion for revision shall be served upon the other parties, or their counsel, if represented, within 10 days after the entry of the order or judgment and at least five court days before the hearing date. An additional three days notice shall be required if service is by mail.

LAR 0.7(a).

        (2) *Service by Mail*.
                (A) How Made. If service is made by mail, the papers shall be deposited in the post office addressed to the person on whom they are being served, with the postage prepaid. The service shall be deemed complete upon the third day following the day upon which they are placed in the mail, unless the third day falls on a Saturday, Sunday or legal holiday, in which event service shall be deemed complete on the first day other than a Saturday, Sunday or legal holiday, following the third day.

CR 5(b)(2)(A).

        Both LAR 0.7 and CR 5 address service by mail and specify that, when service is made by mail, an additional three days of notice is required for service to be deemed complete. In other words, regardless of how long the mail actually takes, service will be considered accomplished three days after the mailing. When, as here, a party is afforded

5

ten days in which to accomplish service of a pleading, then initiation of service by mail must take place at least by day seven of the ten-day service window.

Ms. Pederson mailed Ms. McGillen's counsel a copy of her motion for revision on August 21, 2019. Using the three-day rule, service would have been deemed complete on August 24, but this was a Saturday. Since the third day following mailing fell on a Saturday, Sunday, or legal holiday, service would not be deemed complete until the next day that is not a Saturday, Sunday, or legal holiday. CR 5(b)(2)(A). Therefore, service of Ms. Pederson's motion for revision was completed on Monday, August 26. This was four days late. Because the commissioner's order was entered on August 12, both filing and service of the motion for revision had to have been accomplished no later than August 22. The superior court judge correctly determined that service was not timely and, as a result, Ms. Pederson's motion for revision of the commissioner's order was not properly before the court.[2]

The order that is the subject of Ms. Pederson's notice of appeal was appropriately issued. Ms. Pederson is therefore not entitled to further relief.

---

[2] This interpretation of LAR 0.7 and CR 5 merely regulates the manner in which Ms. Pederson may seek revision. It does not deprive her of the right to seek revision.

CONCLUSION

The order striking the motion for revision is affirmed. Ms. Pederson failed to

preserve an appeal of the commissioner's order on the merits. Because Ms. Pederson's

appeal is not entirely frivolous, we deny Ms. McGillen's request for attorney fees under

RAP 18.9.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Staab, J.

7